JOHN BULL v. SAN ANTONIO & ARANSAS PASS RAILROAD
COMPANY.

Decided November 19, 1903.

**Statement of Facts—Brief.**
 Motion to strike out statement of facts overruled because the fault of tardy filing does not rest upon appellant. As without prejudice the motion to strike out briefs of appellant also overruled.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

*Paulus & Ragdale* and *H. B. Leonard,* for the motions.

*Patton & Schwartz,* contra.

### ON MOTIONS.

GARRETT, CHIEF JUSTICE.—The appellee has filed motions in this case to strike out the statement of facts and also to strike out the brief of the appellant and affirm the judgment. Both motions will be overruled. It is improper practice to date back the file mark as was done by the clerk at the direction of the judge in filing the statement of facts in this case. The written instructions to do so in the form of a letter has been incorporated in the record by order of the district judge, and may be considered as a part of his approval, and makes it appear on the face thereof that the statement of facts was actually filed more than ten days after adjournment, the time allowed by the court, and it so appearing, this court can pass upon the question which otherwise would have been one for the trial court to determine. The statement of facts should be stricken out but for the fact that it appears from the recitals in the vacation order on direction of the judge that it had come into his hands in time, but that owing to the disagreement of the parties he delayed action in order to get the stenographer's notes before making his statement. It was thus delayed without the fault of the appellant, and if we were to strike out the statement upon the appellee's motion and the appellant should ask that it be reinstated we would have to grant his request upon the showing above stated, hence the motion to strike out should not prevail.

We do not sustain the motion to strike out the brief, because although not filed in accordance with the rules the appellee does not appear to have been injured thereby, but the court reserves the question of the sufficiency of the brief to require a consideration of the assignments of error to be passed on when the case has been submitted.

*Overruled.*

ON THE MERITS.

GARRETT, CHIEF JUSTICE.—John Bull brought this suit against the San Antonio & Aransas Pass Railway Company to recover damages for personal injuries received by him, which were alleged to have been caused by the frightening of the plaintiff's team of mules by a locomotive at a public crossing under the defendant's line of railway, causing the mules to run away, whereby plaintiff was thrown from his wagon and hurt. The grounds of negligence alleged against the defendant were that the engineer failed to sound the whistle and ring the bell of the engine as it approached the crossing, and to keep the bell ringing until the crossing was reached, and that the engineer blew the whistle when near the crossing so as to frighten the team.

There was a trial by jury which resulted in a verdict and judgment in favor of the defendant. There are no statements under the first and second assignments of error and they are passed without consideration. The third assignment of error is that the verdict of the jury "was contrary to the law and evidence in this case in this, that the uncontradicted evidence showed that the plaintiff was in plain view of the engineer as he passed along by where this plaintiff was on the said public road, and could have been seen by said engineer had he so much as looked for anyone along said public highway at said crossing. The law requires him to keep such lookout."

The statement under this assignment is very meager. It appears from the statement made that the plaintiff was in plain view from the track, and that he had passed out from under the bridge about thirty feet when the whistle blew, and might have been seen by the engineer at a distance of about 200 feet if as far as thirty feet from the track. No facts are stated to show that the whistle was negligently sounded or that the mules were frightened by it. No reason is shown why the verdict should be set aside. No error having been shown in the judgment, it will be affirmed.

*Affirmed.*